IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUIS M. LAMANNIS, a citizen and resident of Blount County, Tennessee, )<br><br>Plaintiff, )<br><br>v. )<br><br>INTEC, LLC, and LINCOLN NATIONAL LIFE INSURANCE COMPANY, )<br><br>Defendants. ) | No.: 3:16-cv-216 |

## COMPLAINT

Comes now the Plaintiff, Louis M. Lamannis, by and through counsel, and for cause of action would state as follows:

JURISDICTION AND VENUE

1. The Plaintiff, Louis M. Lamannis, is a citizen and resident of Blount County, Tennessee.

2. Defendant InTec, LLC ("InTec") is a foreign corporation having significant and continuous business contacts throughout the State of Tennessee. InTec may be served with process through its registered agent, Bruce J. Donaldson, 10306 Eaton Place, Suite 520, Fairfax, VA 22030. At all material times, Defendant INTEC acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that Defendant InTec Plaintiff's employer through the relevant time periods and is the Planholder and/or Plan Administrator

1

and/or Plan Sponsor of a long term disability "Plan" (Policy Number 00001016397700000) from which Plaintiff sought benefits.

4. Upon information and belief, it is alleged that the Defendant InTec is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company with its principal place of business in Fort Wayne, IN, and may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times, Defendant Lincoln acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

6. Upon information and belief, it is alleged that the Defendant Lincoln was the claims administrator, the party obligated to pay benefits, and/or the party to determine eligibility for benefits under the plan.

7. Upon information and belief, it is alleged that the Defendant Lincoln is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

8. The Plaintiff brings this action to recover benefits due for his long term disability under pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject

disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

9. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant InTec.

13. Plaintiff developed certain physical conditions that made it difficult for him to work, and ultimately Plaintiff's conditions resulted in a permanent and total disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

14. On or about September 29, 2013, Plaintiff ceased working due to his aforementioned disabilities.

15. Plaintiff timely filed a claim for short term disability through the Defendant InTec and Lincoln under a Plan or Policy numbered 00001016397800000. Short term disability benefits were paid from October 6, 2013, through November 10, 2013.

16. The Defendants denied further payments for short term disability pursuant to a letter dated December 18, 2013, to which Plaintiff timely appealed the cessation of and denial of further short term disability benefits and any other subsequent benefits.

17. The Defendant InTec and Defendant Lincoln affirmed their decision by letter dated April 15, 2014 and Plaintiff timely appealed the decision.

18. On December 24, 2014 Defendants again affirmed their previous decisions regarding payment of benefits and Plaintiff thereafter filed suit.

19. In March of 2015, Plaintiff filed a claim for long term disability benefits through the Defendants under Policy number 00001016397700000.

20. On March 31, 2015, Defendant Lincoln determined additional information was needed prior to benefits being considered, but Defendant Lincoln did not inform Plaintiff what additional information it needed.

21. On June 29, 2015, Defendants "determined that no benefits are payable" to Plaintiff thus denying his claim for LTD benefits under the aforementioned Plan despite opinions of disabling restrictions from numerous treating and evaluating sources.

22. On September 2, 2015, Plaintiff submitted his administrative appeal with the Defendants regarding the June 29, 2015 appeal. The Plaintiff provided significant evidence discrediting the finding that Plaintiff could engage in his "sedentary" occupation.

23. On September 10, 2015, Defendants acknowledged receipt of Plaintiff's appeal.

24. On September 17, 2015, Plaintiff provided additional medical records from Todd B. Abel, M.D., Plaintiff's neurosurgeon.

25. On October 14, 2015, Defendant denied Plaintiff's appeal and request for review.

26. On December 8, 2015, Plaintiff submitted his administrative appeal of

Defendants' October 14, 2015 denial.

27. On December 14, 2015, Defendants acknowledged receipt of Plaintiff's December 8, 2015 appeal.

28. On December 21, 2015, Plaintiff submitted additional medical records from Knoxville Orthopedic Clinic regrading treatment for Plaintiff's left knee.

29. By letter of January 25, 2016, Defendants provided Plaintiff with medical information from an "independent Board Certified physician." The Defendants provided a copy of the report from Ifeanyi O. Nwaneshiudu, M.D. and allowed twenty-one days for comments.

30. Dr. Nwaneshiudu opined regarding several issues, but did note:

> 3. *Are the restrictions or limitations placed upon the claimant's physical activities by the attending physician(s) reasonable and consistent with the medical findings? Please explain.*
>
> The restrictions noted by Dr. Eilerman on my discussion with him were reasonable and consistent with the medical findings. The claimant is status post bilateral hip replacement 6 weeks ago and still within the acute post operative period, the claimant also was noted to have difficulty walking and uses a cane to walk.

31. On February 15, 2016, Plaintiff responded to Defendants' January 25, 2016 letter and the report from Dr. Nwaneshiudu. Plaintiff pointed out that Dr. Eilerman's restrictions that Dr. Nwaneshiudu thought were reasonable and consistent were provided on March 25, 2015 and were pre-operative. Additionally, Plaintiff provided a letter from Dr. Eilerman dated February 15, 2016 clarifying his opinion that the restrictions were pre-operative.

32. On March 1, 2016, Defendants wrote Plaintiff explaining the need to get "an addendum medical review" based on the February 15, 2016 letter from Plaintiff.

33. On March 30, 2016, Defendants again denied Plaintiff's claim based on Dr. Nwaneshiudu's "addendum review" where he changed his previously provided opinion.

34. The March 30, 2016 decision by the Defendants was the final administrative step under the Plan.

35. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

36. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

37. The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

38. The Defendant Lincoln has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

39. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

40. Plaintiff is disabled under the terms of the Plan.

41. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

42. The decision to deny benefits was wrong under the terms of the Plan.

43. The decision to deny benefits and decision-making process were arbitrary and capricious.

44. The decision to deny benefits was not supported by substantial evidence in the record.

45. The appellate procedures did not provide the Plaintiff a full and fair review.

46. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making

process free of influence by self-interest.

47. The Defendants violated the fiduciary duties owed to the Plaintiff.

48. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiffs disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of his suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

7
Case 3:16-cv-00216-TAV-HBG   Document 1   Filed 05/03/16   Page 7 of 8   PageID #: 7

Respectfully submitted, this 3rd day of May, 2016.

                          s/ John P. Dreiser
                          John P. Dreiser (BPR #020743)
                          Attorney for the Plaintiff
                          1356 Papermill Pointe Way
                          Knoxville, TN 37909
                          (865) 584-1211